**Mario Rene CASTELLANOS–GARCIA; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73860.

Agency Nos. A77–903–766, A77–903–765, A77–903–767, A77–903–768, A77–903–769, A77–903–770, A77–903–771.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2004.

Decided May 13, 2004.

Stephen W. Manning, Portland, OR, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer A. Parker, Carolyn Piccotti, U.S. Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Mario Rene Castellanos–Garcia ("Castellanos"), his wife, and their five children, all natives and citizens of Guatemala, petition for review of the decision of the Board of Immigration Appeals ("BIA") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the BIA summarily affirmed the decision of the Immigration Judge ("IJ"), we review the IJ's decision as if it were that of the BIA. *Al–Harbi v. INS*, 242 F.3d 882, 887–88 (9th Cir.2001).[1]

■ The government conceded in its motion to remand that "[n]either the immigration judge's decision, nor the Board's summary affirmance, provides specific cogent reasons as to why Petitioner was not a credible witness." Because the IJ is required to " 'offer a specific, cogent reason for any stated disbelief,' " *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996) (quot-

ing *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994)), we hold that his adverse credibility determination was not supported by substantial evidence. Having reached this conclusion, we deem Castellanos's testimony to be credible. *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir.2004). Therefore, it is unnecessary to remand for another credibility determination. *He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir.2003).

■ As to the merits of the asylum claim, the IJ stated, after discussing the statutory requirements for proving past persecution and their application to the facts in this case: "The foundation of the claim, I am satisfied, would be sufficient were it a plausible, credible claim upon which a grant of asylum could be made." We interpret this statement as a finding that Castellanos's experiences qualified as past persecution, assuming that his testimony was credible.

The IJ's determination that Castellanos suffered past persecution is supported by substantial evidence. The persecution was "on account" of Castellanos's imputed political opinion. *See Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995). Castellanos's supervisor in the *Estado Mayor Presidencial* ("EMP") told him that his two-week detention in solitary confinement was due to his cooperation with *Misión de las Naciones Unidas en Guatemala* (United Nations Inspection Mission to Guatemala) ("MINUGUA"). Immediately after Castellanos's release, the EMP directed him to a residence where he was severely beaten and again accused of aiding MINUGUA. These incidents, as well as the death threats to Castellanos and his family, clearly rise to the level of persecution. Finally, because the EMP is a unit of the Guatemalan military, the persecution was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Castellanos is the lead petitioner; the claims of his wife, Reina De Castellanos, and their five children are derivative of his claim.

committed by the government. *Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000).

Castellanos's past persecution creates a presumption that he has a well-founded fear of future persecution were he to return to Guatemala. *Id.* at 657. Because the IJ did not consider the evidence in the record as to changes in Guatemala since the Castellanos family fled, we remand for a determination as to whether the government can meet its rebuttal burden. *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). On remand, in order to overcome the presumption, the government would be required to make a particularized showing by a preponderance of the evidence that conditions in Guatemala have fundamentally changed so as to render the basis for Castellanos's particular fears, given his individual circumstances, no longer warranted. *See Borja v. INS,* 175 F.3d 732, 738 (9th Cir.1999) (en banc).[2]

For the foregoing reasons, we **GRANT** the petition and **REVERSE** the IJ's adverse credibility finding. With respect to petitioners' asylum claims, we **AFFIRM** the IJ's determination that Castellanos suffered past persecution and **REMAND** solely for an individualized analysis as to whether the government is able to rebut the presumption that the family has a well-founded fear of future persecution. Because the IJ made no findings as to withholding of removal or relief under the Convention Against Torture, we **REMAND** these claims in their entirety.

---

**2.** We note that the presumption cannot be overcome by showing general improvements with respect to the treatment of opponents or suspected opponents of the Guatemala government. *See Rios v. Ashcroft,* 287 F.3d 895, 901–02 (9th Cir.2002).